FILED
United States Court of Appeals
Tenth Circuit

January 28, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO C. MOORE,

Defendant - Appellant.

No. 07-3009

(D.C. Nos. 05-CV-3375-CM and
03-CR-20003-CM)

(D.C. No. Kan.)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Moore was charged, along with nine others, in a nine-count indictment. He entered into a plea agreement, pursuant to which he pled guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 846. The plea agreement contained a waiver of appeal and collateral attack, which provided, in pertinent part:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the

court.  The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)].  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

(R. Vol. I, Doc. 409, Ex. 1.)  Prior to accepting Moore's guilty plea, the court questioned Moore to ensure he understood the consequences of his plea.  The court determined Moore's plea was knowing and voluntary and sentenced Moore to 188 months imprisonment, which was within the calculated sentencing guidelines range.  Moore did not file a direct appeal.

Approximately one year later, Moore filed a pro se motion to vacate, set aside or correct sentence by a person in federal custody under 28 U.S.C. § 2255.  Moore claimed: (1) his counsel was ineffective during plea negotiations and sentencing; (2) his plea was not made knowingly, intelligently and voluntarily; and (3) his counsel was ineffective in not filing a direct appeal of his sentence.  The government responded by filing a motion to enforce the waiver provision in the plea agreement.

The district court partially denied Moore's motion and partially granted the government's motion.  It concluded Moore's plea was knowing and voluntary and determined his claim of ineffective assistance of counsel at sentencing was within the scope of the plea agreement waiver.  As to Moore's claim that his counsel was

ineffective in negotiating the plea agreement, the district court held it fell outside the scope of the waiver but determined Moore failed to demonstrate prejudice as required by *Strickland v. Washington*, 466 U.S. 668 (1984). It also concluded Moore's claim that his counsel was ineffective in failing to file a direct appeal fell outside the scope of the waiver and Moore was entitled to an evidentiary hearing on the issue. After this hearing, at which Moore was represented by counsel, the district court denied the remainder of Moore's motion. Moore filed a notice of appeal and a request for a COA. The court found Moore had not made a substantial showing of the denial of a constitutional right and denied his request for a COA.

Appearing pro se[1] and *in forma pauperis*, Moore renews his request for a COA to this Court. *See* 28 U.S.C. § 2253(c)(1)(A); FED. R. APP. P. 22(b)(1). The denial of a motion for relief under § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA is a jurisdictional prerequisite to our review. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Moore must show "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

---

[1] We liberally construe pro se pleadings. *See Ledbetter v. City of Topeka, Kan.*, 317 F.3d 1183, 1187 (10th Cir. 2003).

-3-

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Moore has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. at 338.

Moore has filed two separate requests for a COA, each raising the same argument — his constitutional rights were violated by the district court's calculation of his criminal history. We agree with the district court that Moore has waived his right to assert this argument. A provision in a plea agreement waiving the right to appeal and collaterally attack a conviction or sentence is enforceable if (a) the disputed issue falls within the scope of the waiver; (b) the defendant knowingly and voluntarily waived his rights; and (c) the waiver will not result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). These three prongs are satisfied here.

Though we are not required to do so, we have reviewed Moore's proposed opening brief, the district court's orders, and the entire record on appeal pursuant to the framework set out in *Miller-El*.[2] Moore is not entitled to a COA on the other issues raised in his § 2255 motion. Jurists of reason would not disagree with the district court's resolution of Moore's §2255 motion and it is not reasonably subject to debate.

---

[2] We have considered the arguments raised by Moore before the district court and in his proposed opening brief, even though not all of them were raised in his COA requests with this Court.

We **DENY** Moore's request for COA and **DISMISS** his nascent appeal.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge